FILED
SUPERIOR COURT
OF GUAM

2019 AUG -7 PM 4: 29

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0491-18 |
| vs. | |
| BENNY GOFIGAN CHIGUINA,<br>DOB: 01/16/1983 | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Judge Arthur Barcinas on May 8, 2019, upon the Defendant's Motion to Suppress filed January 24, 2019. The Defendant Benny Gofigan Chiguina ("Defendant") was present and represented by Assistant Public Defender William C. Bischoff. Assistant Attorney General Jeremiah Luther represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On August 23, 2018, the Defendant was charged with: 1) Possession of a Firearm Without a Guam Firearms Identification Card (as a Third Degree Felony); 2) Possession of an Unregistered Firearm (as a Third Degree Felony); and 3) Protection of Wild Animals (as a Misdemeanor). See Indictment (Aug. 23, 2018). The charges arise from a traffic stop that occurred on August 12, 2018, which led to Defendant's arrest. See Magistrate's Compl. (August 14, 2018). Specifically, during the traffic stop, Guam Police Department ("GPD") Officer Marvin Desamito ("Officer Desamito") observed a shotgun inside of the vehicle

occupied by the Defendant, allegedly causing the Defendant to make incriminating statements regarding possession of the firearm. Id.

On January 24, 2019, the Defendant filed the instant Motion to Suppress, arguing that all evidence, both physical and verbal, obtained during the purportedly unreasonable and illegal traffic stop should be suppressed as they were obtained in violation of the Defendant's Fourth Amendment rights. See Def's Mot. to Suppress (Jan. 24, 2019). The People did not file a written opposition.

On May 8, 2019, the Court held a Suppression Hearing and heard sworn testimony from Officer Desamito. At the hearing, Officer Desamito testified that he was on patrol in the village of Talofofo when he heard, over police radio, that GPD Officer Santos ("Officer Santos") was conducting a check on a possible abandoned vehicle on Route 17 near an abandoned residence. Officer Desamito proceeded to the scene for backup. While in route, Officer Santos informed Officer Desamito that he observed the Defendant and his son approach the vehicle from the jungle area beside the abandoned house. When questioned by Officer Santos, Defendant stated that he and his son were trying to capture a baby deer. Still in route, Officer Desamito was told by Officer Santos that the Defendant was instructed to leave the area and was informed that the area was private property. The Defendant complied and left the scene.

Approximately ten to fifteen minutes later, Officer Desamito testified that he received information from Officer Santos that the vehicle was seen parked again at the same location. When Officer Desamito approached the scene, he testified that he observed the Defendant and his son enter the vehicle and drive off. Officer Desamito further testified that the vehicle he observed was the same vehicle identified by Officer Santos, and that the vehicle was parked on the side of the road next to the same abandoned house. Thereafter, Officer Desamito testified that he followed and observed the vehicle for approximately half a mile before conducting the stop. During the stop, Officer Desamito observed a shotgun in the vehicle, allegedly causing the Defendant to make incriminating statements regarding possession of the firearm. Subsequently, the Defendant was arrested and charged.

Officer Desamito conceded that he did not observe a traffic violation. However, Officer Desamito testified that he conducted the stop because it seemed suspicious that the vehicle would return to the same spot only minutes after being instructed to leave by Officer Santos. Thus, Officer Desamito testified that he pulled the vehicle over for failure to obey a police officer.

At the conclusion of the Suppression Hearing, and after hearing oral arguments on the Defendant's Motion to Suppress, the Court took the matter under advisement.

## DISCUSSION

The Fourth Amendment to the United States Constitution "protects against unreasonable searches and seizures and is made applicable to Guam via section 1421b(c) of the Organic Act of Guam." People v. Chargualaf, 2001 Guam 1 ¶ 14. Thus, every search or seizure must be reasonable under the circumstances. Id. (citing Whren v. United States, 517 U.S. 806, 810 (1996). A search or seizure made without a warrant is presumed to be unreasonable. Id. (citing Pennsylvania v. Strickler, 757 A.2d 884, 888 (Pa.2000). However, police officers are permitted under the Fourth Amendment to conduct brief investigatory stops "when a police officer has *reasonable suspicion* than an individual was engaged in or is about to engage in illegal conduct." People v. Johnson, 1997 Guam 9 ¶ 4 (citing Terry v. Ohio, 392 U.S. 1 (1968) (emphasis added)).

Reasonable suspicion necessary to justify an investigatory stop "is dependent upon both the content of information possessed by police and its degree of reliability." Id. (quoting Alabama v. White, 496 U.S. 325, 330 (1990). The Court must consider the totality of the circumstances when determining whether an officer had reasonable suspicion to warrant a traffic stop, "taking into account the facts known to the officers from personal observation . . . [and] independent police work." Id. (quoting Adams v. Williams, 407 U.S. 134, 330 (1972)); see People v. Mansapit, 2016 Guam 30 ¶ 13 (explaining that a police officer can rely on his "training and experience in drawing inferences from the facts he observes, but those inferences must also be grounded in objective facts and be capable of rational explanation.").

Here, it is clear that the act of pulling the Defendant over was a seizure. However, it is equally clear that the investigatory stop conducted by Officer Desamito was reasonable and within the bounds of permissible action under the Fourth Amendment. Based on Officer Desamito's testimony, the Court finds that Officer Desamito had reasonable suspicion supported by objective facts to effectuate the traffic stop.

Here, it is clear that the act of pulling the Defendant over was a seizure. It is equally clear however, that the investigatory stop was reasonable and within the bounds of permissible action under the Fourth Amendment. Officer Desamito testified that he conducted the stop because it seemed suspicious that the vehicle would return to the same spot only minutes after being instructed to leave by Officer Santos. Consequently, Officer Desamito testified that he pulled the vehicle over for failure to obey a instructions from a police officer. The Court finds therefore, that Officer Desamito had reasonable suspicion at the time to effectuate the traffic stop. Accordingly, the evidence obtained during the traffic stop was not in violation of Defendant's rights under the Fourth Amendment. Thus, the Court **DENIES** the Defendant's Motion to Suppress.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Defendant's Motion to Suppress. A Pre-Trial Conference is scheduled for **October 16, 2019 at 2:00pm**, and Jury Selection & Trial is scheduled for **October 23, 2019 at 10:00am**.

**IT IS SO ORDERED** ____AUG 0 7 2019____ .

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of
____AG PDSC____
Date: 8|7|19 Time: 4:30
Deputy Clerk, Superior Court of Guam

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**